IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN RICHARD KIMBERLY,<br>    Petitioner,<br><br>    v.<br><br>SUPERINTENDENT GIROUX, et al.,<br>    Respondents. | 2: 13-cv-1043 |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Kevin Richard Kimberly for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

At the time the instant petition was executed, July 18, 2013, Kimberly was incarcerated at the State Correctional Institution at Albion following his conviction by a jury of manufacturing, delivery and possession with intent to manufacture or deliver controlled substances at Nos. CP-26-CR-225-2008 and CP-26-CR-226-2008 in the Court of Common Pleas of Fayette County, Pennsylvania. On April 14, 2010 he was sentenced to nine to twenty-four months and a consecutive term of twelve to twenty-four months.[1] At petitioner's request, the petition was held in abeyance and administratively closed on August 7, 2013 so that he could complete the exhaustion of his state court remedies (ECF 1-3,5)[2]. At the time of filing his request, petitioner represented that his maximum sentence was scheduled to expire on September 30, 2013 (ECF 1-3). On October 2, 2013, the post-conviction petition was dismissed as moot due to "def[endant] having served the maximum period of sentence imposed on him by this court on April 14, 2010."[3]

---

[1] See: Petition at ¶¶ 1-6 as corroborated by the Certified Docket Sheet submitted by the respondents as well as Exhibit 24 to the answer.
[2] At that time Kimberly had a post-conviction petition pending in the Court of Common Pleas (petition at ¶ 12(d)).
[3] See: Certified Docket Sheet, CP-26-CR-225-2008 at p.23 and CP-26-CR-226-2008 at p.22.

On November 29, 2013, petitioner notified the court that he was residing at a street address (ECF 7) and on December 2, 2103, his motion to reopen the case was granted. In his petition here Kimberly contends he is entitled to relief on the following grounds:

1. Denial of speedy trial.
2. Ineffective trial counsel.[4]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

Thus, the initial requirement is that a petitioner be "in custody." In <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 401 (2001) the Court held that where an individual is no longer serving a sentence he cannot bring a federal habeas challenge to that conviction. However, while there is no question that Kimberly was in custody when he initially filed here, the issue is one of mootness, since there is no relief we can grant to cure the alleged deficits in his prosecution. <u>DeFoy v. McCullough</u>, 393 F.3d 439, 441 (3d Cir.2005), cert. denied 545 U.S. 1119 (2005)("a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition"). For this reason, the petition is subject to dismissal here.

Nevertheless, even if this was not the case, the petitioner's allegations are without merit.

His first substantive issue is that he was denied a speedy trial. The chronology of events is fully set forth in the trial court's February 18, 2011 Opinion (Respondent's Exhibit 12):

Following the filing of the complaints [February 15, 2007 and March 8, 2007] … members of the Fayette County Drug Task Force on numerous occasions attempted to locate the defendant and to arrest him … Despite the efforts of the officers to locate the defendant an arrest was not effectuated until August 27, 2007….

[A] preliminary hearing was scheduled … for January 2, 2008 at which time the defendant appeared without counsel. The preliminary hearing was continued … to afford the defendant an opportunity to obtain counsel…

---

[4] See: Petition at ¶12.

The preliminary hearing was rescheduled for January 29, 2008 at which time the defendant appeared and waived his right to a preliminary hearing… Defendant's formal court arraignment was held on March 20, 2008 and the consolidated case was placed on the April 2008 criminal jury trial list.

On March 27, 2008, defendant, appearing pro se, presented to the court a motion for continuance of the trial date and waiving his right to a speedy trial under Rule 600. The motion for continuance was granted … continuing the trial to the May week of criminal jury trials ending on May 9, 2008.

Defendant failed to appear for trial during the May week … and a bench warrant was issued for his apprehension… Following the defendant's apprehension … on May 29, 2008, defendant, represented by the Public Defender's Office, filed a request for discovery. Defendant also on May 29, 2008, appeared before this Court, waived his right to a speedy trial and requested a continuance of the trial of his case until the August week of criminal jury trials. Following a colloquy an order was entered by this Court continuing the trial of the defendant's case until the August 2008 week of criminal jury trials which ended on August 8, 2008.

The defendant failed to appear for trial during the August 2008 week of criminal jury trials and … a bench warrant was issued…

On September 30, 2009, the defendant was apprehended.

Subsequently, on December 7, 2009, Kimberly entered guilty pleas; on January 11, 2010, his motion to withdraw his pleas was granted, and following a jury trial petitioner was convicted on April 8, 2010 on the charges he seeks to challenge here (See: Exhibits 1 and 2 to the answer).

The record clearly demonstrates that petitioner was arrested on August 27, 2007 following which he was released from custody; that on January 29, 2008, petitioner waived a preliminary hearing; that his trial was scheduled for March, 2008 at which time he requested a continuance and waived his right to a speedy trial; that at his rescheduled May trial he failed to appear and that following his apprehension again waived his right to a speedy trial and the case was placed on the August 2008 trial list; that once again petitioner failed to appear for trial and was not apprehended until September 30, 2009; that he then entered a guilty plea which he subsequently withdrew and that he was ultimately convicted by a jury in April 2010. Thus, after twice failing to appear for trial and twice waiving his speedy trial rights, Kimberly now argues that he was denied a speedy trial.[5]

---

[5] In the petition, Kimberly argues that at the times of his failure to appear for trial, he was on house arrest or in custody and his whereabouts were known to county authorities. This is irrelevant in light of the fact that on two

3

The Sixth Amendment guarantees a speedy and public trial. In <u>Barker v. Wingo</u>, 407 U.S. 514, 530-532 (1972), the Court set forth the elements to be balanced in making a speedy trial determination: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right and (4) whether prejudice ensued. From the chronology set forth above it appears that most if not all of the delay is attributable to the petitioner as a result of his failures to appear and then entering and subsequently withdrawing his guilty plea; the petitioner's waiver of his speedy trial rights on two occasions, and finally the failure to demonstrate any prejudice as a result of the delay. Accordingly a conclusion that no federal speedy trial violation occurred is warranted.

The petitioner also alleges that counsel was ineffective for failing to assert "speedy trial, chain of evidence, failure to investigate and failure to exercise compulsory process." As best we can discern, in his post-conviction petition, Kimberly contended that counsel was ineffective for failing to file an appeal (See: Exhibit 23 to the answer). There is nothing demonstrating that other than the failure to pursue an appeal, any other arguments alleging ineffective assistance of counsel were raised in the Pennsylvania appellate courts and for this reason, any claims which petitioner might have have been procedurally defaulted, <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), and no further consideration of these issues is warranted here.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000). Second, under <u>Strickland</u>, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. The <u>Strickland</u> test is conjunctive

---

separate occasions he waived his state speedy trial rights. In his direct appeal raising the speedy trial issue the petitioner references both the United States and the Pennsylvania Constitutions. However, it is clear from his brief that he was not asserting any federal rights (See: Exhibit 3 to the answer).

and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

The record clearly demonstrates that a direct appeal was filed and petitioner's claim that counsel failed to do so does not provide a basis for relief. His other claims of ineffectiveness have not been presented to the Pennsylvania courts for their consideration in the first instance and as a result do not provide a basis for relief.

Because, the instant petition is moot it should be dismissed. However, even if it is not deemed moot, it is also meritless. Accordingly, it is recommended that the petition of Kevin Richard Kimberly for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

                                             Respectfully submitted,
                                             s/ Robert C. Mitchell
Filed: March 6, 2014                        United States Magistrate Judge